IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 09-20468-STA-cgc |
| ) | |
| DARIO MORALES-LOYA, ) | |
| ) | |
| Defendant. ) | |

---

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER OF DETENTION**

---

Before the Court is Defendant's Appeal From the Order of the Magistrate Judge (D.E. # 67) filed on January 26, 2010. The government has responded in opposition. The Court conducted a hearing on the Motion on February 18, 2010. For the reasons set forth below, the Magistrate Judge's Order is **AFFIRMED**.

## BACKGROUND

On November 11, 2009, Defendant was charged with one count of conspiring to possess with intent to distribute and to distribute at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846, and one count of possessing with intent to distribute at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1). Defendant argues that the Magistrate Judge erroneously refused to reopen the proof at his detention hearing and receive testimony from Defendant's family members about the possibility of his going to live with them

in Kansas upon his release on bond.  Defendant contends that although this is a presumption case, the factors found at 18 U.S.C. § 3142(g) favor his release on bond.  According to Defendant, the weight of the evidence against him is not strong.  Defendant avers that he simply provided transportation to a warehouse for one of his co-Defendants after that co-Defendant had driven a tractor-trailer containing the illegal narcotics to Memphis.  Although Defendant was at the scene when officers made the arrest, Defendant was never in the tractor trailer where the illegal narcotics were found.  Therefore, Defendant appeals the Magistrate Judge's order of detention.

      The United States has responded in opposition to Defendant's appeal.  The government notes that the Magistrate Judge actually conducted two detention hearings for Defendant, the first on December 9, 2009, and the second on January 20, 2010.  The Magistrate Judge denied the request for bond after each hearing.  In light of the two previous hearings, the government argues that the Magistrate Judge did not err in refusing to reopen the hearing yet again to have additional testimony.  According to the government, Defendant's daughter, a resident of Wichita, Kansas, testified that she had not lived with her father or in Memphis for five years.  Defendant's brother who lives in Texas also testified that he did not see Defendant that often.  The Court heard testimony from the husband of Defendant's niece, a Kansas resident, who stated that Defendant had visited them in Kansas on a prior occasion.  Defendant himself testified that he had lived in his current residence for only two months at the time of his arrest and that before that he had not lived in Memphis for over five years.  Defendant also stated that he had been paid to rent the warehouse where the tractor-trailer containing the drugs was taken and had no knowledge of a drug scheme.  Defendant failed to explain the inconsistent addresses listed on various documents

he produced during the hearing.

Based on the presumption at § 3142(e), the United States argues that the Court should affirm the Magistrate Judge's order of detention.  The government initially contends that the presumption does not "disappear" just because the Defendant has produced evidence to rebut it.  Rather, the presumption retains some evidentiary weight in determining whether any condition can assure Defendant's appearance.  Nevertheless, the government argues that Defendant cannot overcome the presumption.  The amount of illegal narcotics associated with the charges against Defendant and Defendant's lack of ties to this district weigh in favor of detention and support the Magistrate Judge's decision.  As a result, the Court should affirm the order of detention.

At the hearing on Defendant's appeal, the Court received additional testimony and evidence.  It was undisputed at the hearing that Defendant is in fact a citizen of the United States.  Documents including Defendant's tax returns simply list different addresses.  The Court received testimony from Defendant's nephew Diego Morales ("Morales"), a resident of Texas.  Morales stated that he was employed and owned his own home.  Morales testified that there were employment opportunities in his area and that Defendant had the skills to find a job there.  Morales stated that Defendant could live with him while his criminal case was pending and that he understood that he would have to pledge his home as collateral for Defendant's bond.  Morales affirmed that he would make sure that Defendant made the twelve-hour trip from Texas to Memphis for all court appearances and meetings with his attorney.

Next the Court heard testimony from Irma Aragomes ("Aragomes"), Defendant's sister who lives in Garden City, Kansas.  Aragomes has resided there for twenty-one (21) years and testified that she lives approximately twelve hours from Memphis.  Aragomes stated that

Defendant could live with her and her husband and that she believed Defendant could find work in Kansas.

The Court went on to hear additional arguments from counsel. Defendant argued that he would appear as ordered and that his family was willing to put up a home to secure his bond. Although Defendant is charged with serious offenses, Defendant has no prior criminal history. Defendant averred that he would seek employment and report as directed. Accordingly, Defendant requested a $10,000 bond. In response, the United States argued that this was a presumption case and Defendant's third detention hearing. None of the witnesses Defendant called would actually employ him. Defendant's last employer stated that he would not re-hire Defendant. Defendant has used addresses where he never lived and failed to established proof of his actual residence. As for the weight of the evidence against him, Defendant admitted that he was at the scene and that he rented the warehouse to which the narcotics were transported. Based on these facts, the United States argued that the presumption had not been overcome.

## ANALYSIS

The judicial officer shall order the detention of a defendant pending trial if, after a hearing, the officer determines that no conditions will reasonably assure the appearance of the defendant.[1] The United States Magistrate Judge entered an Order of Detention in this case on January 25, 2010. The Magistrate Judge stated on the record her finding that no condition or combination of conditions could reasonably assure Defendant's appearance should Defendant be released on bond. Therefore, the Magistrate Judge ordered that Defendant be detained pending trial.

---

[1] 18 U.S.C. § 3142(e).

The Court has authority to review an order of detention pursuant to 18 U.S.C. § 3145(b), which states

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.[2]

Pursuant to § 3142(g), the factors to be considered at the detention hearing include: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal conduct; and the nature and seriousness of the danger posed by the defendant's release.

Having heard the arguments of counsel and reviewed the Magistrate Judge's Order of Detention *de novo*, the Court affirms the Magistrate Judge's determination that no condition or combination of conditions could reasonably assure Defendant's appearance.[3]  The parties do not dispute that this is a presumption case as defined under 18 U.S.C. § 3142(e)(3).  Subject to rebuttal by Defendant, there is a presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required if the judicial officer finds there is probable cause to believe that the person committed an offense involving a controlled substance.[4]

---

[2] 18 U.S.C. § 3145(b).

[3] *United States v. Legg*, No. 00-5209, 2000 WL 553990, at *1 (6th Cir. Apr. 28, 2000) (approving *de novo* review of a Magistrate Judge's detention order).

[4] 18 U.S.C. § 3142(e)(3); *United States v. Reese*, No. 98-5085, 1998 WL 80170, at *1 (6th Cir. Feb. 20, 1998).

An indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption.[5] The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person and the community.[6] The government retains the burden of persuasion.[7] The government must prove risk of flight by a preponderance of the evidence.[8]

The Court finds that Defendant has failed to rebut the presumption and that the balance of the factors set forth in § 3142(g) weighs in favor of detention. First, the nature and circumstances of the offense favors detention. Here Defendant is charged with conspiring to possess with intent to distribute and with possessing over 100 kilograms of illegal narcotics, crimes involving a controlled substance being a specific factor for consideration under § 3142(g)(1).[9]

Second, the Court finds that the weight of the evidence against Defendant does not favor detention. In order to convict Defendant under 21 U.S.C. § 841(a), the government must prove that Defendant (1) knowingly (2) possessed a controlled substance (3) with intent to distribute

---

[5] *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

[6] *United States v. Hinton*, 113 F. App'x. 76, 78 (6th Cir. 2004).

[7] *Id*.

[8] *Id*. at 77 (citing *United States v. Cisneros,* 328 F.3d 610, 616 (10th Cir.2003)).

[9] 18 U.S.C. § 3142(g)(1) ("the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device").

it.[10] The evidence submitted at the three detention hearings held in this case shows that Defendant met Emilio Rivas ("Rivas"), a co-Defendant, in Memphis. Rivas had driven a tractor-trailer containing a large quantity of marijuana from Texas. After the rendezvous, Defendant and Rivas traveled in Defendant's vehicle to a warehouse as Anibal Figueredo-Diaz, another co-Defendant, followed in the tractor-trailer. The three men were arrested at the warehouse where the police discovered the narcotics in the tractor-trailer. Defendant admits that he rented the warehouse and led his co-Defendants there upon Rivas' arrival in Memphis. While this evidence certainly weighs against Defendant, Defendant denies that he was aware that the tractor-trailer held the narcotics. The evidence further suggested that Defendant was never in the tractor-trailer and never had control over the area where the narcotics were stored. Based on all of these facts, the Court finds that the weight of the evidence against Defendant does not support detention.

Third, Defendant's history and characteristics favor detention. Although Defendant was arrested here for conspiring to possess with intent to distribute, Defendant does not appear to have any prior criminal history. However, other factors present in this case clearly favor detention. More specifically, Defendant's lack of ties to the state of Tennessee and this District pose a risk of flight. The evidence showed that Defendant has used various addresses in the past, some of which were never his residence.[11] Defendant admitted that he had only lived in Memphis for two months prior to his arrest and had not lived here for five years prior to that. Defendant has presented proof from family that he has their support to provide a home, possible

---

[10] *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006).

[11] *See United States v. Ramsey*, 110 F.3d 65, *1 (6th Cir. 1997) (finding accused's use of aliases and multiple dates of birth evidence favoring detention).

employment, and the means to travel to Memphis, all of which would go to assure his appearance in this District. However, none of these ties bind Defendant to this District.[12] Defendant's family resides either in Texas or Kansas, and all are apparently located some twelve hours from Memphis. Furthermore, the Sixth Circuit has held that standing alone, evidence of family members' willingness to allow a defendant to live with them pending trial "is not sufficient to rebut the presumption in favor of detention."[13] Therefore, the Court finds that Defendant's lack of ties to this District favors detention.

As for the fourth factor, the Court finds that the the nature and seriousness of the danger to any person or the community that Defendant would pose does not necessarily favor detention. While it is true that Defendant is charged with conspiring to distribute a significant amount of illegal narcotics, Defendant has no prior criminal history and the government has not shown that he poses a particular danger to any one person or the community in general. Thus, the fourth factor weighs against detention.

Finally, the presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it.[14] Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class."[15] The court may continue

---

[12] *See United States v. Guerra-Rodriguez*, 59 F.3d 171, *1 (6th Cir. 1995) (finding that the defendant's lack of ties to the district where his charges were pending supported conclusion that defendant was a flight risk).

[13] *United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001) (detention order pending new trial on due process grounds affirmed).

[14] *Id.*

[15] *Id.* (citing *United States v. Martir,* 782 F.2d 1141, 1144 (2d Cir. 1986)).

to give the presumption some weight by keeping in mind that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society."[16]

Based on the balance of these factors, including the continuing weight of the presumption, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant.  The fact that Defendant was arrested with a large quantity of controlled substances, has no close ties to this District, has used false addresses in the past, and has family that lives twelve hours from Memphis all support detention.[17]  Defendant has failed to meet his burden of production to rebut the presumption that he poses a risk of flight.

Having found that the balance of the § 3142(g) factors favor detention in this case and that Defendant has not rebutted the presumption, the Court affirms the Magistrate Judge's Order of Detention.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 23, 2010

---

[16] *Gray*, 20 F. App'x at 475 (citing *United States v. Hare,* 873 F.2d 796, 798-99 (5th Cir. 1989)).

[17] *United States v. Thornton*, 787 F.2d 594, *1 (6th Cir. 1986) (finding that defendant's arrest with a large quantity of contraband, lack of close ties to the community, and possession of false identification, among other factors, favored detention).